# In the United States District Court
# for the Southern District of Georgia
# Brunswick Division

```
UNITED STATES OF AMERICA,      *
                               *
                               *    CR 214-033
     v.                        *
                               *
SHANNON TANNER,                *
                               *
          Defendant.           *
```

### ORDER

Before the Court is the Government's motion for reconsideration regarding the Court's dismissal of Defendant Shannon Tanner's 18 U.S.C. § 3582(c)(1)(A) motion. Dkt. No. 42. The motion is **GRANTED**.

On August 31, 2021, Defendant moved for a sentence reduction under § 3582(c)(1)(A). Dkt. No. 37. His motion was based on family circumstances and the COVID-19 pandemic. Id. On September 16, 2021, the Government filed a motion to dismiss and alternative response in opposition. Dkt. No. 38. The Government argued that Defendant had failed to exhaust his administrative remedies with the Bureau of Prisons ("BOP") as required under § 3582(c)(1)(A) because he did not wait the requisite 30 days between submitting his reduction-in-sentence ("RIS") request and filing his § 3582(c)(1)(A) motion. Id. at 11. Alternatively, assuming exhaustion, the Government argued

that Defendant's claims did not qualify as "extraordinary and compelling" under U.S.S.G. § 1B1.13 and that his motion should be denied under the 18 U.S.C. § 3553(a) factors. Id. at 13-20. On September 20, 2021, the Court denied Tanner's motion without prejudice reasoning that he did not exhaust his administrative remedies for failure to wait "the thirty-day period between submitting his RIS and filing [his] motion." Dkt. No. 41 at 3.

The Government now informs the Court that, after the Court denied Defendant's motion, "the Government learned from the BOP that [Defendant's] case manager at FCI Jesup may have provided [Defendant] inaccurate information regarding the administrative exhaustion process." Dkt. No. 42. Accordingly, the Government waives its exhaustion argument and moves the Court to reconsider its prior Order on the merits in light of such waiver. Id.

The Government's motion for reconsideration, dkt. no. 42, is **GRANTED**. The Court hereby **VACATES** its September 20, 2021 Order, dkt. no. 41, and **DIRECTS** the Clerk to designate as pending both Defendant's motion for compassionate release, dkt. no. 37, and the Government's motion to dismiss, dkt. no. 38.

**SO ORDERED**, this 20 day of September, 2021.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA